UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| THE JUNEAU GROUP LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>VENDERA MANAGEMENT HOLDINGS, LLC d/b/a VENDERA RESOURCES, *et al.*,<br><br>    Defendants. | Civil Action No. 4:24-cv-02856<br><br>Judge Charles Eskridge |

**DEFENDANT BOKF, N.A.'S RESPONSE TO
PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO
FILE MOTION FOR LEAVE TO AMEND COMPLAINT**

Defendant BOKF, N.A. respectfully opposes Plaintiff's motion for an extension of time to seek leave to amend the operative complaint (Doc. 55).

The Court should deny Plaintiff's motion for three reasons. **First**, Plaintiff filed the motion without permission from the Court, in contravention of Section 15(c) of the Court's procedures, which required Plaintiff to submit an initiating letter first. **Second**, the motion fails to establish good cause for modifying the Scheduling and Docket Control Order (Doc. 44). Pursuant to LR83.2, the recent entry of new counsel for Plaintiff does <u>not</u> constitute good cause. **Third**, the motion, if granted, will unduly delay these proceedings by permitting Plaintiff a third, belated attempt at reformulating its fundamentally flawed claims.

## BACKGROUND

1. Plaintiff's claims have been a moving target all along. This case started nearly five months ago when Plaintiff asserted a *different* theory of trade-secret misappropriation.

2. On July 30, 2024, Plaintiff filed a single claim of misappropriation of trade secrets against Defendant Vendera Management Holdings, LLC ("Vendera") in state court. (Doc. 1-1.) There, Plaintiff claimed Mr. Jeff Hawes, a former BOKF employee, allegedly "informed Vendera of the bidding process" for certain assets. (Doc. 1-1 at ¶ 13.) Plaintiff further alleged "[o]nly certain investors were invited to learn about . . . [this] potential acquisition." (Doc. 1-1 at ¶ 20.)

3. Vendera removed the action to this Court and then simultaneously filed its Answer (Doc. 8) and Motion for Summary Judgment (Doc. 9). In its Motion for Summary Judgment, Vendera showed that the bidding process of the acquisition at issue—the basis of Plaintiff's alleged trade secret—was actually a known business opportunity that BP had communicated to potential bidders. (*Id.* at 8.) Vendera also attached BP marketing documents showing that BP had shared the acquisition details with Vendera. (*Id.*) In other words, Plaintiff's original claim was manifestly false.

4. On September 5, 2024, before the Court could rule on Vendera's Motion for Summary Judgment, Plaintiff filed its First Amended Complaint

(Doc. 15) (the "FAC"), which added (i) BOKF as a party and (ii) a new claim for breach of contract. In the FAC, Plaintiff recast its claims, which now center on alleged misappropriation of a purported "Juneau Bid Strategy." (Doc. 15 at 4.)

5. The parties then agreed to amend the scheduling order (*see* Doc. 43), and the Court entered a new Scheduling and Docket Control Order (Doc. 44) (the "DCO") on October 25, 2024. Under the operative DCO, Plaintiff's deadline to seek leave to amend its pleading was December 17, 2024.

6. The DCO clearly advised the parties that "no continuance will be granted, even upon joint motion, absent a showing of actual diligence and extraordinary cause." (Doc. 44 at 1.) The DCO further advised:

> Any party wishing to make a discovery or scheduling motion must obtain permission before the submission of motion papers. This includes any motion . . . for extension. Follow Section 15 of the Court's procedures.

(Doc. 44 at 3.)

7. On December 4, 2024, BOKF's attorneys (David Leimbach and Patrick Sandman) conferred telephonically with Plaintiff's attorney (Ethan Gibson). During that call, BOKF's attorneys requested a date in December 2024 or January 2025 for a deposition of Mr. Jacob Juneau, who is Plaintiff's sole member. BOKF's counsel followed up on their request via emails dated December 4, 2024 (*see* **Exhibit A**); December 9, 2024 (*see* **Exhibit B**); and December 10, 2024 (*see* **Exhibit C**).

8.     On December 13, 2024, having received no date from Plaintiff's counsel, BOKF's counsel noticed Mr. Juneau's deposition for January 17, 2025—*i.e.*, forty-five days after BOKF first requested a date for Mr. Juneau's deposition (*see* **Exhibit D**).

9.     Also on December 13, 2024, four days before the deadline to amend, Plaintiff filed (i) a motion to substitute counsel (Doc. 51) and (ii) the instant motion (Doc. 55). Plaintiff is now represented by **eight** lawyers and **four** law firms.

10.    To the frustration of BOKF's counsel, Plaintiff's new counsel has already sought to delay the discovery process significantly. For example, Plaintiff's new counsel has taken the position that Mr. Juneau will appear for deposition no earlier than March 17, 2025 (*see* **Exhibit E**). Plaintiff's new counsel has also refused to re-produce documents that Plaintiff's counsel received in November 2024 in response to a subpoena issued to non-party AT&T Inc. (*see* Doc. 46). Without explanation, Plaintiff's new counsel has refused to re-produce such documents to Defendants' counsel until January 13, 2025—an arbitrary date selected by Plaintiff's new counsel—even though such documents are directly responsive to a document request served by BOKF on October 9, 2024—to which Plaintiff did not timely object (*see* **Exhibit F**).

## ARGUMENT

Plaintiff's motion is procedurally improper because Plaintiff did not file an initiating letter and obtain permission from the Court—as required by Sections 15(c) and 17(d) of the Court's procedures, as well as the Scheduling and Docket Control Order (Doc. 44) itself. The motion should be denied for that reason alone.

In addition, Plaintiff's motion fails to establish good cause to modify the DCO. Plaintiff cites the "recent entry" of new counsel as a purported basis for the requested extension (Doc. 55 at 4), but that basis directly contravenes LR83.2, which clearly provides that "no delay will be countenanced because of a change in counsel." Plaintiff's decision to retain new attorneys is <u>not</u> a valid reason to modify the case schedule.

Plaintiff' also argues the FAC "should be alleged with more specificity to remove confusion expressed and demonstrated by Defendants." (Doc. 55 at 3.) Plaintiff's argument is far too vague to establish good cause. Plaintiff does not identify what confusion has been "expressed and demonstrated by Defendants." The docket contains no live motions challenging the FAC. If the purported "confusion" refers to BOKF's legitimate concerns about Plaintiff's deficient discovery responses, Plaintiff's motion fails to explain why such discovery concerns constitute good cause for amending the FAC. If anything, BOKF's concerns with Plaintiff's discovery responses support amending the

5

problematic discovery responses—not extending Plaintiff's deadline to amend its pleading.

Plaintiff also cites the purportedly "voluminous" size of discovery. (Doc. 55 at 3.) But that argument is similarly bare. The motion merely asserts that Plaintiff's new counsel is "diligently reviewing the written discovery." (*Id.* at 3.) The motion fails to explain (i) when Plaintiff's counsel started its review; (ii) how much review has been completed; and (iii) why such discovery is material to Plaintiff's purported need to amend its pleading after the deadline.

If granted, the motion will subject BOKF to prejudice by disrupting the existing DCO and allowing Plaintiff another unwarranted attempt at reformulating its nebulous misappropriation claim. Plaintiff should not be rewarded for its imprecise pleadings and late-blooming arguments.

For the foregoing reasons, BOKF respectfully requests that this Court deny Plaintiff's motion.

Dated: December 20, 2024     Respectfully submitted,

*/s/ David W. Leimbach*
David W. Leimbach (attorney-in-charge)
Oklahoma State Bar No. 33310
S.D. Tex. Federal Bar No. 3689992
**FREDERIC DORWART, LAWYERS PLLC**
Old City Hall Building
124 East Fourth Street
Tulsa, Oklahoma 74103
Tel: (918) 583-9922
Fax: (918) 583-8251
dleimbach@fdlaw.com

-and-

Patrick Sandman (of counsel)
Texas State Bar No. 24130093
S.D. Tex. Federal Bar No. 3877906
FREDERIC DORWART, LAWYERS PLLC
5956 Sherry Lane, Suite 680
Dallas, Texas 75225
Tel: (214) 891-7017
Fax: (918) 583-8251
psandman@fdlaw.com

*Attorneys for Defendant BOKF, N.A.*

## CERTIFICATE OF SERVICE

The undersigned counsel certifies that a true and correct copy of the foregoing document was filed and served through the Southern District of Texas' CM/ECF system on December 20, 2024.

*/s/ David W. Leimbach*
David W. Leimbach