# Exhibit A

| | |
|---|---|
| **From:** | Leimbach, David |
| **Sent:** | Wednesday, December 4, 2024 4:26 PM |
| **To:** | 'Ethan Gibson' |
| **Cc:** | 'Jost Lunstroth'; 'Hessam Parzivand'; 'Demetri Economou'; 'Thomas Ciarlone'; Sandman, Patrick |
| **Subject:** | RE: The Juneau Group LLC v. Vendera Management Holdings, LLC, et al, Case No. 4:24-cv-02856 (S.D. Tex.) - Discovery |
| **Attachments:** | DRAFT Deposition Notice.pdf |

Ethan —

Thank you for speaking with Pat and me earlier this afternoon. As discussed, I'm sending this email to memorialize and follow-up on our conversation. Please feel free to correct if you believe I've described anything inaccurately. Below is a non-exhaustive summary of our call.

- With respect to BOKF's Interrogatory No. 8, we explained that, in our view, Plaintiff's response is deficient. As a compromise in light of Plaintiff's objections, we agreed to limit the scope of the "communications" at issue to "telephone calls." You indicated you will serve an amended response to this interrogatory in light of information you recently received from AT&T. We are eager to obtain this information. We noted that, in our view, this request also calls for Plaintiff to identify the call participants, to the extent such information is available to Plaintiff.

- With respect to BOKF's Interrogatory No. 13, we explained that, in our view, Plaintiff's response is deficient because it does not describe the *specific* confidential information at issue that Mr. Juneau allegedly communicated to BOKF. Even if discovery is ongoing as to what information was allegedly divulged by Mr. Hawes, we are entitled to know what *specific* confidential information Plaintiff contends Mr. Juneau communicated to BOKF.

- With respect to BOKF's Interrogatory No. 14, we explained that, in our view, Plaintiff's response is deficient because, among other reasons, it does not identify the date and specific individuals involved. You indicated you will serve an amended response to this interrogatory in light of information you recently received from AT&T. We noted that this interrogatory is focused on *when* and *to whom* Mr. Juneau allegedly communicated the confidential information at issue. We are entitled to know, with specificity, *when* and *to whom* Mr. Juneau contends he communicated the confidential information at issue.

- You requested that we provide cell phone numbers for the relevant BOKF employees, and we agreed to consider your request.

- We explained that we wish to schedule a deposition of Jacob Juneau in December or early January. You indicated that the deposition will occur at your offices in Houston and would need to be in January. Attached is a *draft* deposition notice. Please provide available dates ASAP, so we can get Mr. Juneau's deposition on calendar. Note: I have flexibility the weeks of January 6 and 13—excluding January 15. We will, of course, also need to coordinate schedules with Vendera's counsel.

- We also discussed anticipated depositions of Mohit Singh and Tony Webb in January, after Mr. Juneau's deposition.

Regards,

DAVID W. LEIMBACH, MEMBER
FREDERIC DORWART, LAWYERS PLLC
Tel (918) 583-9930 • Cell (918) 808-3961

---

**From:** Leimbach, David
**Sent:** Monday, November 25, 2024 11:42 AM
**To:** 'Ethan Gibson' <ethan@gibson-pc.com>
**Cc:** Jost Lunstroth <jlunstroth@gibson-pc.com>; Hessam Parzivand <hp@parzfirm.com>; Demetri Economou <DEconomou@krcl.com>; Thomas Ciarlone <TCiarlone@krcl.com>; Sandman, Patrick <PSandman@fdlaw.com>
**Subject:** RE: The Juneau Group LLC v. Vendera Management Holdings, LLC, et al, Case No. 4:24-cv-02856 (S.D. Tex.) - Discovery

Ethan,

Yes, I can do December 4th between 2:30pm and 5pm. I'll circulate a calendar invite for 2:30pm that date. Let me know if you prefer a different time. Thanks.

Have a Happy Thanksgiving.

Regards,

DAVID W. LEIMBACH, MEMBER
FREDERIC DORWART, LAWYERS PLLC
Tel (918) 583-9930 • Cell (918) 808-3961

---

**From:** Ethan Gibson <ethan@gibson-pc.com>
**Sent:** Monday, November 25, 2024 11:39 AM
**To:** Leimbach, David <DLeimbach@fdlaw.com>
**Cc:** Jost Lunstroth <jlunstroth@gibson-pc.com>; Hessam Parzivand <hp@parzfirm.com>; Demetri Economou <DEconomou@krcl.com>; Thomas Ciarlone <TCiarlone@krcl.com>; Sandman, Patrick <PSandman@fdlaw.com>
**Subject:** Re: The Juneau Group LLC v. Vendera Management Holdings, LLC, et al, Case No. 4:24-cv-02856 (S.D. Tex.) - Discovery

David,
I'm out all this week for Thanksgiving — do you have any availability on Wednesday December 4?

Ethan

Sent from my iPhone

On Nov 25, 2024, at 9:04 AM, Leimbach, David <DLeimbach@fdlaw.com> wrote:

Ethan,

We believe Plaintiff's answers to BOKF's Interrogatory Nos. 8, 13, and 14 are materially deficient. Accordingly, we request a telephonic meet and confer to discuss. Could you provide times when you have availability for a call?

Regards,

DAVID W. LEIMBACH, MEMBER



FREDERIC DORWART, LAWYERS PLLC
124 East Fourth Street
Tulsa, Oklahoma 74103
Tel (918) 583-9930 • Cell (918) 808-3961
dleimbach@fdlaw.com • www.fdlaw.com

# Exhibit B

| | |
|---|---|
| **From:** | Leimbach, David |
| **Sent:** | Monday, December 9, 2024 1:06 PM |
| **To:** | 'Ethan Gibson' |
| **Cc:** | 'Jost Lunstroth'; 'Hessam Parzivand'; 'Demetri Economou'; 'Thomas Ciarlone'; Sandman, Patrick |
| **Subject:** | RE: The Juneau Group LLC v. Vendera Management Holdings, LLC, et al, Case No. 4:24-cv-02856 (S.D. Tex.) - Discovery |

Ethan:

Any update on a date for Jacob Juneau's deposition?

Regards,

DAVID W. LEIMBACH, MEMBER
FREDERIC DORWART, LAWYERS PLLC
Tel (918) 583-9930 • Cell (918) 808-3961

---

**From:** Leimbach, David
**Sent:** Wednesday, December 4, 2024 4:26 PM
**To:** 'Ethan Gibson' <ethan@gibson-pc.com>
**Cc:** 'Jost Lunstroth' <jlunstroth@gibson-pc.com>; 'Hessam Parzivand' <hp@parzfirm.com>; 'Demetri Economou' <DEconomou@krcl.com>; 'Thomas Ciarlone' <TCiarlone@krcl.com>; Sandman, Patrick <PSandman@fdlaw.com>
**Subject:** RE: The Juneau Group LLC v. Vendera Management Holdings, LLC, et al, Case No. 4:24-cv-02856 (S.D. Tex.) - Discovery

Ethan —

Thank you for speaking with Pat and me earlier this afternoon. As discussed, I'm sending this email to memorialize and follow-up on our conversation. Please feel free to correct if you believe I've described anything inaccurately. Below is a non-exhaustive summary of our call.

- With respect to BOKF's Interrogatory No. 8, we explained that, in our view, Plaintiff's response is deficient. As a compromise in light of Plaintiff's objections, we agreed to limit the scope of the "communications" at issue to "telephone calls." You indicated you will serve an amended response to this interrogatory in light of information you recently received from AT&T. We are eager to obtain this information. We noted that, in our view, this request also calls for Plaintiff to identify the call participants, to the extent such information is available to Plaintiff.

- With respect to BOKF's Interrogatory No. 13, we explained that, in our view, Plaintiff's response is deficient because it does not describe the *specific* confidential information at issue that Mr. Juneau allegedly communicated to BOKF. Even if discovery is ongoing as to what information was allegedly divulged by Mr. Hawes, we are entitled to know what *specific* confidential information Plaintiff contends Mr. Juneau communicated to BOKF.

- With respect to BOKF's Interrogatory No. 14, we explained that, in our view, Plaintiff's response is deficient because, among other reasons, it does not identify the date and specific individuals involved.  You indicated you will serve an amended response to this interrogatory in light of information you recently received from AT&T.  We noted that this interrogatory is focused on *when* and *to whom* Mr. Juneau allegedly communicated the confidential information at issue. We are entitled to know, with specificity, *when* and *to whom* Mr. Juneau contends he communicated the confidential information at issue.

- You requested that we provide cell phone numbers for the relevant BOKF employees, and we agreed to consider your request.

- We explained that we wish to schedule a deposition of Jacob Juneau in December or early January. You indicated that the deposition will occur at your offices in Houston and would need to be in January.  Attached is a *draft* deposition notice.  Please provide available dates ASAP, so we can get Mr. Juneau's deposition on calendar.  Note: I have flexibility the weeks of January 6 and 13—excluding January 15. We will, of course, also need to coordinate schedules with Vendera's counsel.

- We also discussed anticipated depositions of Mohit Singh and Tony Webb in January, after Mr. Juneau's deposition.

Regards,

DAVID W. LEIMBACH, MEMBER
FREDERIC DORWART, LAWYERS PLLC
Tel (918) 583-9930 • Cell (918) 808-3961

---

**From:** Leimbach, David
**Sent:** Monday, November 25, 2024 11:42 AM
**To:** 'Ethan Gibson' <ethan@gibson-pc.com>
**Cc:** Jost Lunstroth <jlunstroth@gibson-pc.com>; Hessam Parzivand <hp@parzfirm.com>; Demetri Economou <DEconomou@krcl.com>; Thomas Ciarlone <TCiarlone@krcl.com>; Sandman, Patrick <PSandman@fdlaw.com>
**Subject:** RE: The Juneau Group LLC v. Vendera Management Holdings, LLC, et al, Case No. 4:24-cv-02856 (S.D. Tex.) - Discovery

Ethan,

Yes, I can do December 4th between 2:30pm and 5pm.  I'll circulate a calendar invite for 2:30pm that date. Let me know if you prefer a different time. Thanks.

Have a Happy Thanksgiving.

Regards,

DAVID W. LEIMBACH, MEMBER
FREDERIC DORWART, LAWYERS PLLC
Tel (918) 583-9930 • Cell (918) 808-3961

**From:** Ethan Gibson <ethan@gibson-pc.com>
**Sent:** Monday, November 25, 2024 11:39 AM
**To:** Leimbach, David <DLeimbach@fdlaw.com>
**Cc:** Jost Lunstroth <jlunstroth@gibson-pc.com>; Hessam Parzivand <hp@parzfirm.com>; Demetri Economou <DEconomou@krcl.com>; Thomas Ciarlone <TCiarlone@krcl.com>; Sandman, Patrick <PSandman@fdlaw.com>
**Subject:** Re: The Juneau Group LLC v. Vendera Management Holdings, LLC, et al, Case No. 4:24-cv-02856 (S.D. Tex.) - Discovery

David,
I'm out all this week for Thanksgiving — do you have any availability on Wednesday December 4?

Ethan

Sent from my iPhone

> On Nov 25, 2024, at 9:04 AM, Leimbach, David <DLeimbach@fdlaw.com> wrote:

> Ethan,

> We believe Plaintiff's answers to BOKF's Interrogatory Nos. 8, 13, and 14 are materially deficient. Accordingly, we request a telephonic meet and confer to discuss. Could you provide times when you have availability for a call?

> Regards,

> DAVID W. LEIMBACH, MEMBER

> FDLAW®

> FREDERIC DORWART, LAWYERS PLLC
> 124 East Fourth Street
> Tulsa, Oklahoma 74103
> Tel (918) 583-9930 • Cell (918) 808-3961
> dleimbach@fdlaw.com • www.fdlaw.com

3

# Exhibit C

| **From:** | Leimbach, David |
|---|---|
| **Sent:** | Tuesday, December 10, 2024 3:13 PM |
| **To:** | 'Ethan Gibson' |
| **Cc:** | lcarter@carterarnett.com; Jost Lunstroth; Hessam Parzivand; Emily Gilmore; Michael Pomeroy; Demetri Economou; Thomas Ciarlone; Sandman, Patrick |
| **Subject:** | RE: The Juneau Group LLC v. Vendera Management Holdings, LLC, et al, Case No. 4:24-cv-02856 (S.D. Tex.) - Withdrawal of Gibson PC and the Parzivand Law Firm |

Ethan,

As you know, BOKF's answer [Doc. 34] includes a claim for bad-faith attorney fees and a request for a vexatious litigant warning. We continue to believe Plaintiff's claims are frivolous. Key factual contentions within Plaintiff's First Amended Complaint [Doc. 15] lack evidentiary support and are false—including the contention that "Bank of Oklahoma representatives materially breached the BOKF Confidentiality Agreement by providing part or all of the Juneau Bid Strategy to Vendera so that Vendera could acquire the Moria Assets." Accordingly, we reserve all rights to seek Rule 11 sanctions against Gibson PC and the Parzivand Law firm at an appropriate time, as well as any replacement law firm that adopts the contentions within Plaintiff's First Amended Complaint by advocating the pleading.

Additionally, we are concerned that substitution of Plaintiff's counsel could be used as a pretext for unduly delaying discovery sought by Defendants. In particular, we had understood from our call on 12/4 that the deposition of Jacob Juneau would occur during the weeks of January 6 or 13—and we've been waiting for you to specify the exact date. While we recognize that replacement counsel might need some time to get up to speed, we continue to believe Jacob Juneau's deposition should occur in January 2025.  We once again reiterate our request for available dates in January for the deposition of Jacob Juneau.

Subject to and without waiving the aforementioned rights, which are expressly reserved, we do not oppose the proposed substitution.

Regards,

DAVID W. LEIMBACH, MEMBER



FREDERIC DORWART, LAWYERS PLLC
124 East Fourth Street
Tulsa, Oklahoma 74103
Tel (918) 583-9930 • Cell (918) 808-3961
dleimbach@fdlaw.com • www.fdlaw.com

---

**From:** Ethan Gibson <ethan@gibson-pc.com>
**Sent:** Tuesday, December 10, 2024 10:00 AM
**To:** Demetri Economou <DEconomou@krcl.com>; Thomas Ciarlone <TCiarlone@krcl.com>; Leimbach, David <DLeimbach@fdlaw.com>; Sandman, Patrick <PSandman@fdlaw.com>
**Cc:** Jost Lunstroth <jlunstroth@gibson-pc.com>; Hessam Parzivand <hp@parzfirm.com>; Emily Gilmore <egilmore@gibson-pc.com>; Michael Pomeroy <mpomeroy@carterarnett.com>; lcarter@carterarnett.com

**Subject:** RE: The Juneau Group LLC v. Vendera Management Holdings, LLC, et al, Case No. 4:24-cv-02856 (S.D. Tex.) - Withdrawal of Gibson PC and the Parzivand Law Firm

Counsel,

This email is notice that Gibson PC and the Parzivand Law Firm intends to withdraw from its current representation of the Juneau Group in the above styled case and will be replaced by the law firm of Carter Arnett, with Mr. Leon Carter serving as lead counsel.

Gibson PC and the Parzivand Law Firm plan to file the motion to withdraw and substitution later today.  I would ask counsel from BOKF and Vendera to please confirm they are unopposed to the motion.

Best Regards,

_____

**Ethan Gibson**
GIBSON P.C.
4 Houston Center
1221 Lamar St. Ste. 1001
Houston, Texas 77010
Email: ethan@gibson-pc.com
Office: 713-897-8008
Direct: 713-897-8001

CONFIDENTIALITY NOTICE: This e-mail and any files accompanying its transmission are intended only for the recipient to whom they are addressed. This transmission may be: (1) subject to the attorney-client privilege, (2) subject to the attorney work product privilege, or (3) strictly confidential. If you are not the intended recipient of this message, you may not disclose, print, copy, or disseminate this information. If you have received this in error, please notify the sender (only) and delete the message. Unauthorized interception, disclosure, copying, forwarding, or other distribution of this e-mail, including its attachments, is a violation of federal criminal law.

# Exhibit D

| | |
|---|---|
| **From:** | Leimbach, David |
| **Sent:** | Friday, December 13, 2024 9:01 AM |
| **To:** | 'Ethan Gibson'; lcarter@carterarnett.com; 'ajordan@carterarnett.com'; Michael Pomeroy; Linda Stahl; dprichard@prichardyoungllp.com; dmontpas@prichardyoungllp.com; 'Jost Lunstroth'; 'Hessam Parzivand' |
| **Cc:** | 'Demetri Economou'; 'Thomas Ciarlone'; Sandman, Patrick |
| **Subject:** | RE: The Juneau Group LLC v. Vendera Management Holdings, LLC, et al, Case No. 4:24-cv-02856 (S.D. Tex.) - Discovery |
| **Attachments:** | 2024-12-13 - Deposition Notice - Jacob Juneau.pdf |

Counsel,

We have been requesting that Plaintiff's counsel specify a date for the deposition of Jacob Juneau for more than a week. Having received no date in response, we are noticing the deposition for January 17, 2025. Please see the attached deposition notice. We are willing to work with you, within reason, as to both date and location. For example, if preferred, we are willing to move the location to the offices of Carter Arnett in Dallas, or to my firm's Dallas office. Please let us know promptly if you wish to propose an alternative date or location.

Regards,

DAVID W. LEIMBACH, MEMBER
FREDERIC DORWART, LAWYERS PLLC
Tel (918) 583-9930 • Cell (918) 808-3961

---

**From:** Leimbach, David
**Sent:** Monday, December 9, 2024 1:06 PM
**To:** 'Ethan Gibson' <ethan@gibson-pc.com>
**Cc:** 'Jost Lunstroth' <jlunstroth@gibson-pc.com>; 'Hessam Parzivand' <hp@parzfirm.com>; 'Demetri Economou' <DEconomou@krcl.com>; 'Thomas Ciarlone' <TCiarlone@krcl.com>; Sandman, Patrick <PSandman@fdlaw.com>
**Subject:** RE: The Juneau Group LLC v. Vendera Management Holdings, LLC, et al, Case No. 4:24-cv-02856 (S.D. Tex.) - Discovery

Ethan:

Any update on a date for Jacob Juneau's deposition?

Regards,

DAVID W. LEIMBACH, MEMBER
FREDERIC DORWART, LAWYERS PLLC
Tel (918) 583-9930 • Cell (918) 808-3961

**From:** Leimbach, David
**Sent:** Wednesday, December 4, 2024 4:26 PM
**To:** 'Ethan Gibson' <ethan@gibson-pc.com>
**Cc:** 'Jost Lunstroth' <jlunstroth@gibson-pc.com>; 'Hessam Parzivand' <hp@parzfirm.com>; 'Demetri Economou' <DEconomou@krcl.com>; 'Thomas Ciarlone' <TCiarlone@krcl.com>; Sandman, Patrick <PSandman@fdlaw.com>
**Subject:** RE: The Juneau Group LLC v. Vendera Management Holdings, LLC, et al, Case No. 4:24-cv-02856 (S.D. Tex.) - Discovery

Ethan —

Thank you for speaking with Pat and me earlier this afternoon. As discussed, I'm sending this email to memorialize and follow-up on our conversation. Please feel free to correct if you believe I've described anything inaccurately. Below is a non-exhaustive summary of our call.

- With respect to BOKF's Interrogatory No. 8, we explained that, in our view, Plaintiff's response is deficient. As a compromise in light of Plaintiff's objections, we agreed to limit the scope of the "communications" at issue to "telephone calls." You indicated you will serve an amended response to this interrogatory in light of information you recently received from AT&T. We are eager to obtain this information. We noted that, in our view, this request also calls for Plaintiff to identify the call participants, to the extent such information is available to Plaintiff.

- With respect to BOKF's Interrogatory No. 13, we explained that, in our view, Plaintiff's response is deficient because it does not describe the *specific* confidential information at issue that Mr. Juneau allegedly communicated to BOKF. Even if discovery is ongoing as to what information was allegedly divulged by Mr. Hawes, we are entitled to know what *specific* confidential information Plaintiff contends Mr. Juneau communicated to BOKF.

- With respect to BOKF's Interrogatory No. 14, we explained that, in our view, Plaintiff's response is deficient because, among other reasons, it does not identify the date and specific individuals involved. You indicated you will serve an amended response to this interrogatory in light of information you recently received from AT&T. We noted that this interrogatory is focused on *when* and *to whom* Mr. Juneau allegedly communicated the confidential information at issue. We are entitled to know, with specificity, *when* and *to whom* Mr. Juneau contends he communicated the confidential information at issue.

- You requested that we provide cell phone numbers for the relevant BOKF employees, and we agreed to consider your request.

- We explained that we wish to schedule a deposition of Jacob Juneau in December or early January. You indicated that the deposition will occur at your offices in Houston and would need to be in January. Attached is a *draft* deposition notice. Please provide available dates ASAP, so we can get Mr. Juneau's deposition on calendar. Note: I have flexibility the weeks of January 6 and 13—excluding January 15. We will, of course, also need to coordinate schedules with Vendera's counsel.

- We also discussed anticipated depositions of Mohit Singh and Tony Webb in January, after Mr. Juneau's deposition.

Regards,

DAVID W. LEIMBACH, MEMBER
FREDERIC DORWART, LAWYERS PLLC
Tel (918) 583-9930 • Cell (918) 808-3961

---

**From:** Leimbach, David
**Sent:** Monday, November 25, 2024 11:42 AM
**To:** 'Ethan Gibson' <ethan@gibson-pc.com>
**Cc:** Jost Lunstroth <jlunstroth@gibson-pc.com>; Hessam Parzivand <hp@parzfirm.com>; Demetri Economou <DEconomou@krcl.com>; Thomas Ciarlone <TCiarlone@krcl.com>; Sandman, Patrick <PSandman@fdlaw.com>
**Subject:** RE: The Juneau Group LLC v. Vendera Management Holdings, LLC, et al, Case No. 4:24-cv-02856 (S.D. Tex.) - Discovery

Ethan,

Yes, I can do December 4th between 2:30pm and 5pm.  I'll circulate a calendar invite for 2:30pm that date. Let me know if you prefer a different time. Thanks.

Have a Happy Thanksgiving.

Regards,

DAVID W. LEIMBACH, MEMBER
FREDERIC DORWART, LAWYERS PLLC
Tel (918) 583-9930 • Cell (918) 808-3961

**From:** Ethan Gibson <ethan@gibson-pc.com>
**Sent:** Monday, November 25, 2024 11:39 AM
**To:** Leimbach, David <DLeimbach@fdlaw.com>
**Cc:** Jost Lunstroth <jlunstroth@gibson-pc.com>; Hessam Parzivand <hp@parzfirm.com>; Demetri Economou <DEconomou@krcl.com>; Thomas Ciarlone <TCiarlone@krcl.com>; Sandman, Patrick <PSandman@fdlaw.com>
**Subject:** Re: The Juneau Group LLC v. Vendera Management Holdings, LLC, et al, Case No. 4:24-cv-02856 (S.D. Tex.) - Discovery

David,
I'm out all this week for Thanksgiving — do you have any availability on Wednesday December 4?

Ethan

Sent from my iPhone

> On Nov 25, 2024, at 9:04 AM, Leimbach, David <DLeimbach@fdlaw.com> wrote:
>
> Ethan,

We believe Plaintiff's answers to BOKF's Interrogatory Nos. 8, 13, and 14 are materially deficient. Accordingly, we request a telephonic meet and confer to discuss. Could you provide times when you have availability for a call?

Regards,

DAVID W. LEIMBACH, MEMBER

FDLAW®

FREDERIC DORWART, LAWYERS PLLC
124 East Fourth Street
Tulsa, Oklahoma 74103
Tel (918) 583-9930 • Cell (918) 808-3961
dleimbach@fdlaw.com • www.fdlaw.com

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| THE JUNEAU GROUP LLC, | |
|       Plaintiff, | |
|       v. | Civil Action No. 4:24-cv-02856 |
| VENDERA MANAGEMENT HOLDINGS, LLC d/b/a VENDERA RESOURCES, *et al.*, | Judge Charles Eskridge |
|       Defendants. | |

## <u>NOTICE OF INTENTION TO TAKE ORAL AND VIDEOTAPED DEPOSITION OF JACOB JUNEAU</u>

**TO:**   ALL COUNSEL OF RECORD

PLEASE TAKE NOTICE that counsel for Defendant BOKF, N.A. will take the deposition of Jacob Juneau at the offices of Kane Russell Coleman Logan P.C., Sage Plaza, 5151 San Felipe, Suite 800, Houston, Texas 77010, on the 17th day of January, 2025, beginning at 9:00 a.m. The deposition is being taken for the purposes of discovery and for use at trial, as well as for all other purposes permitted by law, and will be videotaped.

The deposition will continue from day-to-day until completed. You are invited to attend and examine.

Dated this 13th day of December, 2025.

Respectfully submitted,

*David Leimbach*

David W. Leimbach (attorney-in-charge)
Oklahoma State Bar No. 33310
S.D. Tex Federal Bar No. 3689992
**FREDERIC DORWART, LAWYERS PLLC**
Old City Hall Building
124 East Fourth Street
Tulsa, Oklahoma 74103
Tel: (918) 583-9922
Fax: (918) 583-8251
dleimbach@fdlaw.com

-and-

Patrick Sandman (of counsel)
Texas State Bar No. 24130093
S.D. Tex Federal Bar No. 3877906
**FREDERIC DORWART, LAWYERS PLLC**
5956 Sherry Lane, Suite 680
Dallas, Texas 75225
Tel: (214) 891-7017
Fax: (918) 583-8251
psandman@fdlaw.com

***Attorneys for Defendant BOKF, N.A.***

## CERTIFICATE OF SERVICE

The undersigned counsel certifies that a true and correct copy of the foregoing document was served upon counsel for all parties via email, on December 13, 2024, as follows:

Ethan G. Gibson <ethan@gibson-pc.com>
Jost M. Lunstroth <jlunstroth@gibson-pc.com>
Hessam Parzivand <hp@parzfirm.com>
Leon Carter <lcarter@carterarnett.com>
Ana Jordan <ajordan@carterarnett.com>

***Attorneys for Plaintiff The Juneau Group, LLC***

Thomas G. Ciarlone, Jr. <tciarlone@krcl.com>
Demetri J. Economou <deconomou@krcl.com>

***Attorneys for Defendants Vendera Management Holdings, LLC d/b/a Vendera Resources and VR4-Moria, LP***

*/s/ David W. Leimbach*

3

# Exhibit E

| | |
|---|---|
| **From:** | Ana Jordan <ajordan@carterarnett.com> |
| **Sent:** | Tuesday, December 17, 2024 8:34 AM |
| **To:** | Leimbach, David |
| **Cc:** | Demetri Economou; Thomas Ciarlone; Sandman, Patrick; Hessam Parzivand; Jost Lunstroth; dmontpas@prichardyoungllp.com; dprichard@prichardyoungllp.com; Linda Stahl; Michael Pomeroy; Leon Carter; Monica Goff; Ethan Gibson |
| **Subject:** | Re: The Juneau Group LLC v. Vendera Management Holdings, LLC, et al, Case No. 4:24-cv-02856 (S.D. Tex.) - Discovery |

David,

My understanding of your 12/13/24 email, in which you served us with your notice *unilaterally* scheduling Mr. Juneau's deposition for January 17, 2025, in Houston, is that you were willing to work with us on both date and location. Your email also indicated you wanted a quick response, which is why I responded to your email in writing on the same day with our proposed dates in March and proposed location in Louisiana where Mr. Juneau resides.

The March dates are reasonable considering the facts that new counsel entered this case on 12/13/24, there are tens of thousands of pages of written discovery previously exchanged between the parties that we need to read and absorb before we can prepare for the depositions, written discovery is still incomplete (as you have acknowledged), we will likely file a motion for leave to amend the complaint on December 23, 2024, which may add new claim(s), we are entitled to take the first deposition under Judge Eskridge's procedures, the Christmas and New Year Holidays are upon us which will interfere with our review time, the trial date is over a year away, and you have provided us with no compelling reason explaining why you believe depositions MUST begin in January.

As to location for the deposition, your 12/13/24 email indicated you were willing to travel to Dallas to take Mr. Juneau's deposition. Now that we have proposed Louisiana, you object to travel on grounds of "inefficiency." The only difference being that in addition to your travel, Plaintiff's counsel will now travel as well. But our "inefficiency" is not your concern, and we do not view traveling to Louisiana where our client resides as such. If you were willing to travel to Dallas, I don't understand why you are unwilling to travel to Louisiana where you can take the deposition in a court reporter's office free of charge.

Finally, you reference a telephone conversation you had with previous counsel, Ethan Gibson, on 12/4/24. You claim Ethan agreed to a location. However, Ethan has indicated that you and he reached no agreements about date or location for Mr. Juneau's deposition, as corroborated in part by your subsequent email to me indicating you had attempted to obtain a date for the deposition from him and received "no response," which is likely due to the fact that Ethan was going to withdraw from the case. And since you cannot point to any Rule 11 Agreement that clearly sets forth the terms of such an agreement, given Ethan's representation, it is our belief no agreement exists.

With respect to the AT&T information, we agree to supplement Plaintiff's responses to your interrogatories and requests for production within 30 days, which is January 12, 2025, a Sunday, making our supplementation due the next business day, January 13, 2025.

With respect to Mr. Hawes deposition, please provide me with dates in early March when we can schedule Mr. Hawes deposition and let me know where you would like us to take his deposition.

As to your deposition notice of Mr. Juneau, please let me know if you will agree to amend your deposition notice to reflect our proposed dates and location. If not, we will be forced to file a motion to quash.

Thanks,
Ana

**CARTER ARNETT**

**Ann "Ana" Jordan | Litigation Partner**
ajordan@carterarnett.com
D: 214.550.4689
O: 214.550.8188
C: 512.971.6713
www.carterarnett.com

8150 N. Central Expressway, Suite 500, Dallas, Texas 75206

This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege. If you have received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.

**From:** Leimbach, David <DLeimbach@fdlaw.com>
**Date:** Monday, December 16, 2024 at 11:44 AM
**To:** Ethan Gibson <ethan@gibson-pc.com>, Ana Jordan <ajordan@carterarnett.com>
**Cc:** Demetri Economou <DEconomou@krcl.com>, Thomas Ciarlone <TCiarlone@krcl.com>, Sandman, Patrick <PSandman@fdlaw.com>, Hessam Parzivand <hp@parzfirm.com>, Jost Lunstroth <jlunstroth@gibson-pc.com>, dmontpas@prichardyoungllp.com <dmontpas@prichardyoungllp.com>, dprichard@prichardyoungllp.com <dprichard@prichardyoungllp.com>, Linda Stahl <lstahl@carterarnett.com>, Michael Pomeroy <mpomeroy@carterarnett.com>, Leon Carter <lcarter@carterarnett.com>
**Subject:** RE: The Juneau Group LLC v. Vendera Management Holdings, LLC, et al, Case No. 4:24-cv-02856 (S.D. Tex.) - Discovery

Ethan,

Pat and I recall our 12/4 conversation differently, and I have no desire to mischaracterize our communications. Indeed, that was why, that same day, I sent a follow-up email, to which you did not respond. I specifically recall you indicating during our conversation that the deposition would proceed in Houston (indeed, you made a joke about us not wanting to fly to Louisiana) and that you would look for a date in the second or third week of January. Regardless, delaying the deposition until March is unreasonable.

Regarding your request for cell numbers, we found the following. Based on emails previously sent to Mr. Juneau, copies of which were contained within our first document production (which we transmitted to you on November 15th), we identified the following cell numbers for the individuals mentioned during our 12/4 call:

2

| Name | Cell | Bates |
|---|---|---|
| Jason Reimbold | Redacted | BOKF_Juneau_00000217 |
| Taylor Morris | Redacted | BOKF_Juneau_00003731 |
| Jeffrey Hawes | Redacted | BOKF_Juneau_00000004 |

Of course, Plaintiff's counsel had access to this same information. Regardless, the cell numbers have no bearing on Plaintiff's obligation to produce all of the AT&T data pursuant to BOKF's Request for Production No. 17, to which Plaintiff did not object.

Regards,

DAVID W. LEIMBACH, MEMBER
FREDERIC DORWART, LAWYERS PLLC
Tel (918) 583-9930 • Cell (918) 808-3961

---

**From:** Ethan Gibson <ethan@gibson-pc.com>
**Sent:** Monday, December 16, 2024 11:12 AM
**To:** Leimbach, David <DLeimbach@fdlaw.com>; Ana Jordan <ajordan@carterarnett.com>
**Cc:** Demetri Economou <DEconomou@krcl.com>; Thomas Ciarlone <TCiarlone@krcl.com>; Sandman, Patrick <PSandman@fdlaw.com>; Hessam Parzivand <hp@parzfirm.com>; Jost Lunstroth <jlunstroth@gibson-pc.com>; dmontpas@prichardyoungllp.com; dprichard@prichardyoungllp.com; Linda Stahl <lstahl@carterarnett.com>; Michael Pomeroy <mpomeroy@carterarnett.com>; Leon Carter <lcarter@carterarnett.com>
**Subject:** RE: The Juneau Group LLC v. Vendera Management Holdings, LLC, et al, Case No. 4:24-cv-02856 (S.D. Tex.) - Discovery

David,
I will leave the negotiations with Ana – but I don't think it is appropriate or fair to mischaracterize our earlier discussions.

We had a scheduled meet and confer that was limited to three specific interrogatories that you identified before the call.  We agreed to amend our responses to the interrogatories to include the specific instances of telephone calls between the parties to incorporate the AT&T record data.  I told you, however, that I could not do that while you were standing on your refusal to identify the cell numbers of the BOKF parties, including Jeffrey Hawes.  You promised to "get back to me on that."  That was the extent of our discussions.

Then, in passing at the end of the call, you mentioned that you wanted the plaintiff's deposition.  I made no commitments on this unscheduled issue.

---

**Ethan Gibson**
GIBSON P.C.
4 Houston Center
1221 Lamar St. Ste. 1001
Houston, Texas 77010
Email: ethan@gibson-pc.com
Office: 713-897-8008

Direct: 713-897-8001

CONFIDENTIALITY NOTICE: This e-mail and any files accompanying its transmission are intended only for the recipient to whom they are addressed. This transmission may be: (1) subject to the attorney-client privilege, (2) subject to the attorney work product privilege, or (3) strictly confidential. If you are not the intended recipient of this message, you may not disclose, print, copy, or disseminate this information. If you have received this in error, please notify the sender (only) and delete the message. Unauthorized interception, disclosure, copying, forwarding, or other distribution of this e-mail, including its attachments, is a violation of federal criminal law.

---

**From:** Leimbach, David <DLeimbach@fdlaw.com>
**Sent:** Monday, December 16, 2024 10:16 AM
**To:** Ana Jordan <ajordan@carterarnett.com>
**Cc:** Demetri Economou <DEconomou@krcl.com>; Thomas Ciarlone <TCiarlone@krcl.com>; Sandman, Patrick <PSandman@fdlaw.com>; Hessam Parzivand <hp@parzfirm.com>; Jost Lunstroth <jlunstroth@gibson-pc.com>; dmontpas@prichardyoungllp.com; dprichard@prichardyoungllp.com; Linda Stahl <lstahl@carterarnett.com>; Michael Pomeroy <mpomeroy@carterarnett.com>; Leon Carter <lcarter@carterarnett.com>; Ethan Gibson <ethan@gibson-pc.com>
**Subject:** RE: The Juneau Group LLC v. Vendera Management Holdings, LLC, et al, Case No. 4:24-cv-02856 (S.D. Tex.) - Discovery

Ana,

I disagree with multiple aspects of your email below. Among others, as discussed during our call, we don't believe it is reasonable for Plaintiff to unilaterally postpone the deposition of Mr. Juneau until the week of March 17, 2025. It seems we are at an impasse with respect to this issue. Please let me know if you disagree.

I'm also surprised by your new insistence that the deposition occur in Louisiana because (1) that is inconsistent with the understanding we reached with Mr. Gibson during our 12/4 telephone call with him; and (2) it is inefficient to require counsel for all parties to travel to Louisiana, instead of having Mr. Juneau travel to Texas, where he commenced this lawsuit.

Additionally, I noted during the call that we are awaiting Plaintiff's amended interrogatory responses, which Mr. Gibson had agreed to provide during our 12/4 call, as well as copies of any documents received from AT&T. By email last week, I asked when we can expect to receive such documents. I again reiterate my request. It seems it should be simple for Plaintiff's counsel to send us a copy of AT&T's production. If you believe there is some obstacle, I request a meet and confer ASAP to discuss. If we are at an impasse, we intend to move to compel.

Regards,

DAVID W. LEIMBACH, MEMBER
FREDERIC DORWART, LAWYERS PLLC
Tel (918) 583-9930 • Cell (918) 808-3961

---

**From:** Ana Jordan <ajordan@carterarnett.com>
**Sent:** Friday, December 13, 2024 6:14 PM
**To:** Leimbach, David <DLeimbach@fdlaw.com>
**Cc:** Demetri Economou <DEconomou@krcl.com>; Thomas Ciarlone <TCiarlone@krcl.com>; Sandman, Patrick <PSandman@fdlaw.com>; Hessam Parzivand <hp@parzfirm.com>; Jost Lunstroth <jlunstroth@gibson-pc.com>; dmontpas@prichardyoungllp.com; dprichard@prichardyoungllp.com; Linda Stahl

<lstahl@carterarnett.com>; Michael Pomeroy <mpomeroy@carterarnett.com>; Leon Carter
<lcarter@carterarnett.com>; Ethan Gibson <ethan@gibson-pc.com>
**Subject:** Re: The Juneau Group LLC v. Vendera Management Holdings, LLC, et al, Case No. 4:24-cv-02856 (S.D. Tex.) - Discovery

David,

This will confirm our conversation earlier today in which we discussed, among other things, BOKF's notice served this morning scheduling Mr. Juneau's deposition on January 17, 2025 in Houston, to which we object. Instead, I proposed that we schedule depositions beginning in early March.

As set forth in Judge Eskridge's published court procedures, Plaintiff is entitled to notice the first deposition. Accordingly, before you take our client's deposition, we would like to take the deposition of Jeff Hawes the week of March 3, 2025 at a mutually agreeable location.

Accordingly, we offer the week of March 17, 2025 for you to take the deposition of Mr. Juneau, which is conditioned on making Jeff Hawes available for deposition the week of March 3, 2025.  This will give both sides sufficient time to get up to speed on the existing written discovery, which is voluminous, and which you acknowledged the parties need to address /supplement.

Finally, any deposition of Mr. Juneau should occur in Louisiana, where he resides.

I look forward to hearing from you.

Best regards,
Ana

**CARTER ARNETT**

**Ann "Ana" Jordan | Litigation Partner**
ajordan@carterarnett.com
D: 214.550.4689
O: 214.550.8188
C: 512.971.6713
www.carterarnett.com

8150 N. Central Expressway, Suite 500, Dallas, Texas 75206

This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege. If you have received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.

**From:** Leimbach, David <DLeimbach@fdlaw.com>
**Date:** Friday, December 13, 2024 at 9:03 AM
**To:** Ethan Gibson <ethan@gibson-pc.com>, Leon Carter <lcarter@carterarnett.com>, Ana Jordan <ajordan@carterarnett.com>, Michael Pomeroy <mpomeroy@carterarnett.com>, Linda Stahl <lstahl@carterarnett.com>, dprichard@prichardyoungllp.com <dprichard@prichardyoungllp.com>, dmontpas@prichardyoungllp.com <dmontpas@prichardyoungllp.com>, Jost Lunstroth <jlunstroth@gibson-pc.com>, Hessam Parzivand <hp@parzfirm.com>
**Cc:** Demetri Economou <DEconomou@krcl.com>, Thomas Ciarlone <TCiarlone@krcl.com>, Sandman,

Patrick <PSandman@fdlaw.com>
**Subject:** RE: The Juneau Group LLC v. Vendera Management Holdings, LLC, et al, Case No. 4:24-cv-02856 (S.D. Tex.) - Discovery

Counsel,

We have been requesting that Plaintiff's counsel specify a date for the deposition of Jacob Juneau for more than a week. Having received no date in response, we are noticing the deposition for January 17, 2025. Please see the attached deposition notice. We are willing to work with you, within reason, as to both date and location. For example, if preferred, we are willing to move the location to the offices of Carter Arnett in Dallas, or to my firm's Dallas office. Please let us know promptly if you wish to propose an alternative date or location.

Regards,

DAVID W. LEIMBACH, MEMBER
FREDERIC DORWART, LAWYERS PLLC
Tel (918) 583-9930 • Cell (918) 808-3961

---

**From:** Leimbach, David
**Sent:** Monday, December 9, 2024 1:06 PM
**To:** 'Ethan Gibson' <ethan@gibson-pc.com>
**Cc:** 'Jost Lunstroth' <jlunstroth@gibson-pc.com>; 'Hessam Parzivand' <hp@parzfirm.com>; 'Demetri Economou' <DEconomou@krcl.com>; 'Thomas Ciarlone' <TCiarlone@krcl.com>; Sandman, Patrick <PSandman@fdlaw.com>
**Subject:** RE: The Juneau Group LLC v. Vendera Management Holdings, LLC, et al, Case No. 4:24-cv-02856 (S.D. Tex.) - Discovery

Ethan:

Any update on a date for Jacob Juneau's deposition?

Regards,

DAVID W. LEIMBACH, MEMBER
FREDERIC DORWART, LAWYERS PLLC
Tel (918) 583-9930 • Cell (918) 808-3961

---

**From:** Leimbach, David
**Sent:** Wednesday, December 4, 2024 4:26 PM
**To:** 'Ethan Gibson' <ethan@gibson-pc.com>
**Cc:** 'Jost Lunstroth' <jlunstroth@gibson-pc.com>; 'Hessam Parzivand' <hp@parzfirm.com>; 'Demetri Economou' <DEconomou@krcl.com>; 'Thomas Ciarlone' <TCiarlone@krcl.com>; Sandman, Patrick <PSandman@fdlaw.com>
**Subject:** RE: The Juneau Group LLC v. Vendera Management Holdings, LLC, et al, Case No. 4:24-cv-02856 (S.D. Tex.) - Discovery

Ethan —

Thank you for speaking with Pat and me earlier this afternoon. As discussed, I'm sending this email to memorialize and follow-up on our conversation. Please feel free to correct if you believe I've described anything inaccurately. Below is a non-exhaustive summary of our call.

- With respect to BOKF's Interrogatory No. 8, we explained that, in our view, Plaintiff's response is deficient. As a compromise in light of Plaintiff's objections, we agreed to limit the scope of the "communications" at issue to "telephone calls." You indicated you will serve an amended response to this interrogatory in light of information you recently received from AT&T. We are eager to obtain this information. We noted that, in our view, this request also calls for Plaintiff to identify the call participants, to the extent such information is available to Plaintiff.

- With respect to BOKF's Interrogatory No. 13, we explained that, in our view, Plaintiff's response is deficient because it does not describe the *specific* confidential information at issue that Mr. Juneau allegedly communicated to BOKF. Even if discovery is ongoing as to what information was allegedly divulged by Mr. Hawes, we are entitled to know what *specific* confidential information Plaintiff contends Mr. Juneau communicated to BOKF.

- With respect to BOKF's Interrogatory No. 14, we explained that, in our view, Plaintiff's response is deficient because, among other reasons, it does not identify the date and specific individuals involved. You indicated you will serve an amended response to this interrogatory in light of information you recently received from AT&T. We noted that this interrogatory is focused on *when* and *to whom* Mr. Juneau allegedly communicated the confidential information at issue. We are entitled to know, with specificity, *when* and *to whom* Mr. Juneau contends he communicated the confidential information at issue.

- You requested that we provide cell phone numbers for the relevant BOKF employees, and we agreed to consider your request.

- We explained that we wish to schedule a deposition of Jacob Juneau in December or early January. You indicated that the deposition will occur at your offices in Houston and would need to be in January. Attached is a *draft* deposition notice. Please provide available dates ASAP, so we can get Mr. Juneau's deposition on calendar. Note: I have flexibility the weeks of January 6 and 13—excluding January 15. We will, of course, also need to coordinate schedules with Vendera's counsel.

- We also discussed anticipated depositions of Mohit Singh and Tony Webb in January, after Mr. Juneau's deposition.

Regards,

David W. Leimbach, Member
Frederic Dorwart, Lawyers pllc
Tel (918) 583-9930 • Cell (918) 808-3961

---

**From:** Leimbach, David
**Sent:** Monday, November 25, 2024 11:42 AM
**To:** 'Ethan Gibson' <ethan@gibson-pc.com>
**Cc:** Jost Lunstroth <jlunstroth@gibson-pc.com>; Hessam Parzivand <hp@parzfirm.com>; Demetri Economou <DEconomou@krcl.com>; Thomas Ciarlone <TCiarlone@krcl.com>; Sandman, Patrick <PSandman@fdlaw.com>

**Subject:** RE: The Juneau Group LLC v. Vendera Management Holdings, LLC, et al, Case No. 4:24-cv-02856 (S.D. Tex.) - Discovery

Ethan,

Yes, I can do December 4th between 2:30pm and 5pm.  I'll circulate a calendar invite for 2:30pm that date. Let me know if you prefer a different time. Thanks.

Have a Happy Thanksgiving.

Regards,

DAVID W. LEIMBACH, MEMBER
FREDERIC DORWART, LAWYERS PLLC
Tel (918) 583-9930 • Cell (918) 808-3961

**From:** Ethan Gibson <ethan@gibson-pc.com>
**Sent:** Monday, November 25, 2024 11:39 AM
**To:** Leimbach, David <DLeimbach@fdlaw.com>
**Cc:** Jost Lunstroth <jlunstroth@gibson-pc.com>; Hessam Parzivand <hp@parzfirm.com>; Demetri Economou <DEconomou@krcl.com>; Thomas Ciarlone <TCiarlone@krcl.com>; Sandman, Patrick <PSandman@fdlaw.com>
**Subject:** Re: The Juneau Group LLC v. Vendera Management Holdings, LLC, et al, Case No. 4:24-cv-02856 (S.D. Tex.) - Discovery

David,
I'm out all this week for Thanksgiving — do you have any availability on Wednesday December 4?

Ethan

Sent from my iPhone

> On Nov 25, 2024, at 9:04 AM, Leimbach, David <DLeimbach@fdlaw.com> wrote:
>
>
> Ethan,
>
> We believe Plaintiff's answers to BOKF's Interrogatory Nos. 8, 13, and 14 are materially deficient. Accordingly, we request a telephonic meet and confer to discuss. Could you provide times when you have availability for a call?
>
> Regards,
>
> DAVID W. LEIMBACH, MEMBER
> FDLAW®
> FREDERIC DORWART, LAWYERS PLLC
> 124 East Fourth Street
> Tulsa, Oklahoma 74103
> Tel (918) 583-9930 • Cell (918) 808-3961

# Exhibit F

| | |
|---|---|
| **From:** | Leimbach, David |
| **Sent:** | Tuesday, December 17, 2024 3:14 PM |
| **To:** | 'Ana Jordan' |
| **Cc:** | Demetri Economou; Thomas Ciarlone; Sandman, Patrick; Hessam Parzivand; Jost Lunstroth; dmontpas@prichardyoungllp.com; dprichard@prichardyoungllp.com; Linda Stahl; Michael Pomeroy; Leon Carter; Monica Goff; Ethan Gibson |
| **Subject:** | RE: The Juneau Group LLC v. Vendera Management Holdings, LLC, et al, Case No. 4:24-cv-02856 (S.D. Tex.) - Discovery |

Ana,

We disagree with much of your email. For the moment, however, I will focus on the AT&T data. Are you saying you will produce the AT&T information on January 13, 2025? If not, please clarify. If so, why do you need to wait until January 13 to re-produce a copy of a production that Plaintiff's counsel received from AT&T in November and that falls squarely within BOKF Request for Production No. 17 – to which Plaintiff did not object? Please provide availability this week for a telephonic meet and confer regarding that issue. Otherwise, we will assume we are at an impasse.

I note LR83.2, which provides that "no delay will be countenanced because of a change in counsel."

Regards,

DAVID W. LEIMBACH, MEMBER
FREDERIC DORWART, LAWYERS PLLC
Tel (918) 583-9930 • Cell (918) 808-3961

---

**From:** Ana Jordan <ajordan@carterarnett.com>
**Sent:** Tuesday, December 17, 2024 8:34 AM
**To:** Leimbach, David <DLeimbach@fdlaw.com>
**Cc:** Demetri Economou <DEconomou@krcl.com>; Thomas Ciarlone <TCiarlone@krcl.com>; Sandman, Patrick <PSandman@fdlaw.com>; Hessam Parzivand <hp@parzfirm.com>; Jost Lunstroth <jlunstroth@gibson-pc.com>; dmontpas@prichardyoungllp.com; dprichard@prichardyoungllp.com; Linda Stahl <lstahl@carterarnett.com>; Michael Pomeroy <mpomeroy@carterarnett.com>; Leon Carter <lcarter@carterarnett.com>; Monica Goff <mgoff@carterarnett.com>; Ethan Gibson <ethan@gibson-pc.com>
**Subject:** Re: The Juneau Group LLC v. Vendera Management Holdings, LLC, et al, Case No. 4:24-cv-02856 (S.D. Tex.) - Discovery

David,

My understanding of your 12/13/24 email, in which you served us with your notice *unilaterally* scheduling Mr. Juneau's deposition for January 17, 2025, in Houston, is that you were willing to work with us on both date and location. Your email also indicated you wanted a quick response, which is why I responded to your email in writing on the same day with our proposed dates in March and proposed location in Louisiana where Mr. Juneau resides.

The March dates are reasonable considering the facts that new counsel entered this case on 12/13/24, there are tens of thousands of pages of written discovery previously exchanged between the parties that we need to read and absorb before we can prepare for the depositions, written discovery is still incomplete (as you have acknowledged), we will likely file a motion for leave to amend the complaint on December 23, 2024, which may add new claim(s), we are entitled to take the first deposition under Judge Eskridge's procedures, the Christmas and New Year Holidays are upon us which will interfere with our review time, the trial date is over a year away, and you have provided us with no compelling reason explaining why you believe depositions MUST begin in January.

As to location for the deposition, your 12/13/24 email indicated you were willing to travel to Dallas to take Mr. Juneau's deposition. Now that we have proposed Louisiana, you object to travel on grounds of "inefficiency." The only difference being that in addition to your travel, Plaintiff's counsel will now travel as well. But our "inefficiency" is not your concern, and we do not view traveling to Louisiana where our client resides as such. If you were willing to travel to Dallas, I don't understand why you are unwilling to travel to Louisiana where you can take the deposition in a court reporter's office free of charge.

Finally, you reference a telephone conversation you had with previous counsel, Ethan Gibson, on 12/4/24. You claim Ethan agreed to a location. However, Ethan has indicated that you and he reached no agreements about date or location for Mr. Juneau's deposition, as corroborated in part by your subsequent email to me indicating you had attempted to obtain a date for the deposition from him and received "no response," which is likely due to the fact that Ethan was going to withdraw from the case. And since you cannot point to any Rule 11 Agreement that clearly sets forth the terms of such an agreement, given Ethan's representation, it is our belief no agreement exists.

With respect to the AT&T information, we agree to supplement Plaintiff's responses to your interrogatories and requests for production within 30 days, which is January 12, 2025, a Sunday, making our supplementation due the next business day, January 13, 2025.

With respect to Mr. Hawes deposition, please provide me with dates in early March when we can schedule Mr. Hawes deposition and let me know where you would like us to take his deposition.

As to your deposition notice of Mr. Juneau, please let me know if you will agree to amend your deposition notice to reflect our proposed dates and location. If not, we will be forced to file a motion to quash.

Thanks,
Ana

**Ann "Ana" Jordan | Litigation Partner**
ajordan@carterarnett.com
D: 214.550.4689
O: 214.550.8188
C: 512.971.6713
www.carterarnett.com
8150 N. Central Expressway, Suite 500, Dallas, Texas 75206

This e-mail (including any attachments) may contain information that is private, confidential, or protected by

attorney-client or other privilege. If you have received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.

---

**From:** Leimbach, David <[DLeimbach@fdlaw.com](mailto:DLeimbach@fdlaw.com)>
**Date:** Monday, December 16, 2024 at 11:44 AM
**To:** Ethan Gibson <[ethan@gibson-pc.com](mailto:ethan@gibson-pc.com)>, Ana Jordan <[ajordan@carterarnett.com](mailto:ajordan@carterarnett.com)>
**Cc:** Demetri Economou <[DEconomou@krcl.com](mailto:DEconomou@krcl.com)>, Thomas Ciarlone <[TCiarlone@krcl.com](mailto:TCiarlone@krcl.com)>, Sandman, Patrick <[PSandman@fdlaw.com](mailto:PSandman@fdlaw.com)>, Hessam Parzivand <[hp@parzfirm.com](mailto:hp@parzfirm.com)>, Jost Lunstroth <[jlunstroth@gibson-pc.com](mailto:jlunstroth@gibson-pc.com)>, [dmontpas@prichardyoungllp.com](mailto:dmontpas@prichardyoungllp.com) <[dmontpas@prichardyoungllp.com](mailto:dmontpas@prichardyoungllp.com)>, [dprichard@prichardyoungllp.com](mailto:dprichard@prichardyoungllp.com) <[dprichard@prichardyoungllp.com](mailto:dprichard@prichardyoungllp.com)>, Linda Stahl <[lstahl@carterarnett.com](mailto:lstahl@carterarnett.com)>, Michael Pomeroy <[mpomeroy@carterarnett.com](mailto:mpomeroy@carterarnett.com)>, Leon Carter <[lcarter@carterarnett.com](mailto:lcarter@carterarnett.com)>
**Subject:** RE: The Juneau Group LLC v. Vendera Management Holdings, LLC, et al, Case No. 4:24-cv-02856 (S.D. Tex.) - Discovery

Ethan,

Pat and I recall our 12/4 conversation differently, and I have no desire to mischaracterize our communications. Indeed, that was why, that same day, I sent a follow-up email, to which you did not respond. I specifically recall you indicating during our conversation that the deposition would proceed in Houston (indeed, you made a joke about us not wanting to fly to Louisiana) and that you would look for a date in the second or third week of January. Regardless, delaying the deposition until March is unreasonable.

Regarding your request for cell numbers, we found the following. Based on emails previously sent to Mr. Juneau, copies of which were contained within our first document production (which we transmitted to you on November 15th), we identified the following cell numbers for the individuals mentioned during our 12/4 call:

| Name | Cell | Bates |
|---|---|---|
| Jason Reimbold | Redacted | BOKF_Juneau_00000217 |
| Taylor Morris | Redacted | BOKF_Juneau_00003731 |
| Jeffrey Hawes | Redacted | BOKF_Juneau_00000004 |

Of course, Plaintiff's counsel had access to this same information. Regardless, the cell numbers have no bearing on Plaintiff's obligation to produce all of the AT&T data pursuant to BOKF's Request for Production No. 17, to which Plaintiff did not object.

Regards,

DAVID W. LEIMBACH, MEMBER
FREDERIC DORWART, LAWYERS PLLC
Tel (918) 583-9930 • Cell (918) 808-3961

---

**From:** Ethan Gibson <[ethan@gibson-pc.com](mailto:ethan@gibson-pc.com)>
**Sent:** Monday, December 16, 2024 11:12 AM
**To:** Leimbach, David <[DLeimbach@fdlaw.com](mailto:DLeimbach@fdlaw.com)>; Ana Jordan <[ajordan@carterarnett.com](mailto:ajordan@carterarnett.com)>
**Cc:** Demetri Economou <[DEconomou@krcl.com](mailto:DEconomou@krcl.com)>; Thomas Ciarlone <[TCiarlone@krcl.com](mailto:TCiarlone@krcl.com)>; Sandman, Patrick <[PSandman@fdlaw.com](mailto:PSandman@fdlaw.com)>; Hessam Parzivand <[hp@parzfirm.com](mailto:hp@parzfirm.com)>; Jost Lunstroth <[jlunstroth@gibson-pc.com](mailto:jlunstroth@gibson-pc.com)>; [dmontpas@prichardyoungllp.com](mailto:dmontpas@prichardyoungllp.com); [dprichard@prichardyoungllp.com](mailto:dprichard@prichardyoungllp.com); Linda Stahl

<lstahl@carterarnett.com>; Michael Pomeroy <mpomeroy@carterarnett.com>; Leon Carter <lcarter@carterarnett.com>
**Subject:** RE: The Juneau Group LLC v. Vendera Management Holdings, LLC, et al, Case No. 4:24-cv-02856 (S.D. Tex.) - Discovery

David,
I will leave the negotiations with Ana – but I don't think it is appropriate or fair to mischaracterize our earlier discussions.

We had a scheduled meet and confer that was limited to three specific interrogatories that you identified before the call.  We agreed to amend our responses to the interrogatories to include the specific instances of telephone calls between the parties to incorporate the AT&T record data.  I told you, however, that I could not do that while you were standing on your refusal to identify the cell numbers of the BOKF parties, including Jeffrey Hawes.  You promised to "get back to me on that."  That was the extent of our discussions.

Then, in passing at the end of the call, you mentioned that you wanted the plaintiff's deposition.  I made no commitments on this unscheduled issue.

_____

**Ethan Gibson**
Gibson P.C.
4 Houston Center
1221 Lamar St. Ste. 1001
Houston, Texas 77010
Email: ethan@gibson-pc.com
Office: 713-897-8008
Direct: 713-897-8001

CONFIDENTIALITY NOTICE: This e-mail and any files accompanying its transmission are intended only for the recipient to whom they are addressed. This transmission may be: (1) subject to the attorney-client privilege, (2) subject to the attorney work product privilege, or (3) strictly confidential. If you are not the intended recipient of this message, you may not disclose, print, copy, or disseminate this information. If you have received this in error, please notify the sender (only) and delete the message. Unauthorized interception, disclosure, copying, forwarding, or other distribution of this e-mail, including its attachments, is a violation of federal criminal law.

**From:** Leimbach, David <DLeimbach@fdlaw.com>
**Sent:** Monday, December 16, 2024 10:16 AM
**To:** Ana Jordan <ajordan@carterarnett.com>
**Cc:** Demetri Economou <DEconomou@krcl.com>; Thomas Ciarlone <TCiarlone@krcl.com>; Sandman, Patrick <PSandman@fdlaw.com>; Hessam Parzivand <hp@parzfirm.com>; Jost Lunstroth <jlunstroth@gibson-pc.com>; dmontpas@prichardyoungllp.com; dprichard@prichardyoungllp.com; Linda Stahl <lstahl@carterarnett.com>; Michael Pomeroy <mpomeroy@carterarnett.com>; Leon Carter <lcarter@carterarnett.com>; Ethan Gibson <ethan@gibson-pc.com>
**Subject:** RE: The Juneau Group LLC v. Vendera Management Holdings, LLC, et al, Case No. 4:24-cv-02856 (S.D. Tex.) - Discovery

Ana,

I disagree with multiple aspects of your email below. Among others, as discussed during our call, we don't believe it is reasonable for Plaintiff to unilaterally postpone the deposition of Mr. Juneau until the week of March 17, 2025. It seems we are at an impasse with respect to this issue. Please let me know if you disagree.

I'm also surprised by your new insistence that the deposition occur in Louisiana because (1) that is inconsistent with the understanding we reached with Mr. Gibson during our 12/4 telephone call with him; and (2) it is inefficient to require counsel for all parties to travel to Louisiana, instead of having Mr. Juneau travel to Texas, where he commenced this lawsuit.

Additionally, I noted during the call that we are awaiting Plaintiff's amended interrogatory responses, which Mr. Gibson had agreed to provide during our 12/4 call, as well as copies of any documents received from AT&T. By email last week, I asked when we can expect to receive such documents. I again reiterate my request.  It seems it should be simple for Plaintiff's counsel to send us a copy of AT&T's production. If you believe there is some obstacle, I request a meet and confer ASAP to discuss. If we are at an impasse, we intend to move to compel.

Regards,

DAVID W. LEIMBACH, MEMBER
FREDERIC DORWART, LAWYERS PLLC
Tel (918) 583-9930 • Cell (918) 808-3961

**From:** Ana Jordan <ajordan@carterarnett.com>
**Sent:** Friday, December 13, 2024 6:14 PM
**To:** Leimbach, David <DLeimbach@fdlaw.com>
**Cc:** Demetri Economou <DEconomou@krcl.com>; Thomas Ciarlone <TCiarlone@krcl.com>; Sandman, Patrick <PSandman@fdlaw.com>; Hessam Parzivand <hp@parzfirm.com>; Jost Lunstroth <jlunstroth@gibson-pc.com>; dmontpas@prichardyoungllp.com; dprichard@prichardyoungllp.com; Linda Stahl <lstahl@carterarnett.com>; Michael Pomeroy <mpomeroy@carterarnett.com>; Leon Carter <lcarter@carterarnett.com>; Ethan Gibson <ethan@gibson-pc.com>
**Subject:** Re: The Juneau Group LLC v. Vendera Management Holdings, LLC, et al, Case No. 4:24-cv-02856 (S.D. Tex.) - Discovery

David,

This will confirm our conversation earlier today in which we discussed, among other things, BOKF's notice served this morning scheduling Mr. Juneau's deposition on January 17, 2025 in Houston, to which we object. Instead, I proposed that we schedule depositions beginning in early March.

As set forth in Judge Eskridge's published court procedures, Plaintiff is entitled to notice the first deposition. Accordingly, before you take our client's deposition, we would like to take the deposition of Jeff Hawes the week of March 3, 2025 at a mutually agreeable location.

Accordingly, we offer the week of March 17, 2025 for you to take the deposition of Mr. Juneau, which is conditioned on making Jeff Hawes available for deposition the week of March 3, 2025.  This will give both sides sufficient time to get up to speed on the existing written discovery, which is voluminous, and which you acknowledged the parties need to address /supplement.

Finally, any deposition of Mr. Juneau should occur in Louisiana, where he resides.

I look forward to hearing from you.

Best regards,
Ana



**Ann "Ana" Jordan | Litigation Partner**
ajordan@carterarnett.com
D: 214.550.4689
O: 214.550.8188
C: 512.971.6713
www.carterarnett.com

8150 N. Central Expressway, Suite 500, Dallas, Texas 75206

This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege. If you have received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.

---

**From:** Leimbach, David <DLeimbach@fdlaw.com>
**Date:** Friday, December 13, 2024 at 9:03 AM
**To:** Ethan Gibson <ethan@gibson-pc.com>, Leon Carter <lcarter@carterarnett.com>, Ana Jordan <ajordan@carterarnett.com>, Michael Pomeroy <mpomeroy@carterarnett.com>, Linda Stahl <lstahl@carterarnett.com>, dprichard@prichardyoungllp.com <dprichard@prichardyoungllp.com>, dmontpas@prichardyoungllp.com <dmontpas@prichardyoungllp.com>, Jost Lunstroth <jlunstroth@gibson-pc.com>, Hessam Parzivand <hp@parzfirm.com>
**Cc:** Demetri Economou <DEconomou@krcl.com>, Thomas Ciarlone <TCiarlone@krcl.com>, Sandman, Patrick <PSandman@fdlaw.com>
**Subject:** RE: The Juneau Group LLC v. Vendera Management Holdings, LLC, et al, Case No. 4:24-cv-02856 (S.D. Tex.) - Discovery

Counsel,

We have been requesting that Plaintiff's counsel specify a date for the deposition of Jacob Juneau for more than a week. Having received no date in response, we are noticing the deposition for January 17, 2025. Please see the attached deposition notice. We are willing to work with you, within reason, as to both date and location. For example, if preferred, we are willing to move the location to the offices of Carter Arnett in Dallas, or to my firm's Dallas office. Please let us know promptly if you wish to propose an alternative date or location.

Regards,

DAVID W. LEIMBACH, MEMBER
FREDERIC DORWART, LAWYERS PLLC
Tel (918) 583-9930 • Cell (918) 808-3961

---

**From:** Leimbach, David
**Sent:** Monday, December 9, 2024 1:06 PM
**To:** 'Ethan Gibson' <ethan@gibson-pc.com>
**Cc:** 'Jost Lunstroth' <jlunstroth@gibson-pc.com>; 'Hessam Parzivand' <hp@parzfirm.com>; 'Demetri

Economou' <DEconomou@krcl.com>; 'Thomas Ciarlone' <TCiarlone@krcl.com>; Sandman, Patrick
<PSandman@fdlaw.com>
**Subject:** RE: The Juneau Group LLC v. Vendera Management Holdings, LLC, et al, Case No. 4:24-cv-02856 (S.D.
Tex.) - Discovery

Ethan:

Any update on a date for Jacob Juneau's deposition?

Regards,

DAVID W. LEIMBACH, MEMBER
FREDERIC DORWART, LAWYERS PLLC
Tel (918) 583-9930 • Cell (918) 808-3961

---

**From:** Leimbach, David
**Sent:** Wednesday, December 4, 2024 4:26 PM
**To:** 'Ethan Gibson' <ethan@gibson-pc.com>
**Cc:** 'Jost Lunstroth' <jlunstroth@gibson-pc.com>; 'Hessam Parzivand' <hp@parzfirm.com>; 'Demetri
Economou' <DEconomou@krcl.com>; 'Thomas Ciarlone' <TCiarlone@krcl.com>; Sandman, Patrick
<PSandman@fdlaw.com>
**Subject:** RE: The Juneau Group LLC v. Vendera Management Holdings, LLC, et al, Case No. 4:24-cv-02856 (S.D.
Tex.) - Discovery

Ethan —

Thank you for speaking with Pat and me earlier this afternoon. As discussed, I'm sending this email to
memorialize and follow-up on our conversation. Please feel free to correct if you believe I've described
anything inaccurately. Below is a non-exhaustive summary of our call.

- With respect to BOKF's Interrogatory No. 8, we explained that, in our view, Plaintiff's response is
  deficient. As a compromise in light of Plaintiff's objections, we agreed to limit the scope of the
  "communications" at issue to "telephone calls." You indicated you will serve an amended response to
  this interrogatory in light of information you recently received from AT&T. We are eager to obtain this
  information. We noted that, in our view, this request also calls for Plaintiff to identify the call
  participants, to the extent such information is available to Plaintiff.

- With respect to BOKF's Interrogatory No. 13, we explained that, in our view, Plaintiff's response is
  deficient because it does not describe the *specific* confidential information at issue that Mr. Juneau
  allegedly communicated to BOKF. Even if discovery is ongoing as to what information was allegedly
  divulged by Mr. Hawes, we are entitled to know what *specific* confidential information Plaintiff
  contends Mr. Juneau communicated to BOKF.

- With respect to BOKF's Interrogatory No. 14, we explained that, in our view, Plaintiff's response is
  deficient because, among other reasons, it does not identify the date and specific individuals
  involved. You indicated you will serve an amended response to this interrogatory in light of
  information you recently received from AT&T. We noted that this interrogatory is focused on *when*
  and *to whom* Mr. Juneau allegedly communicated the confidential information at issue. We are
  entitled to know, with specificity, *when* and *to whom* Mr. Juneau contends he communicated the
  confidential information at issue.

- You requested that we provide cell phone numbers for the relevant BOKF employees, and we agreed to consider your request.

- We explained that we wish to schedule a deposition of Jacob Juneau in December or early January. You indicated that the deposition will occur at your offices in Houston and would need to be in January.  Attached is a *draft* deposition notice.  Please provide available dates ASAP, so we can get Mr. Juneau's deposition on calendar.  Note: I have flexibility the weeks of January 6 and 13—excluding January 15. We will, of course, also need to coordinate schedules with Vendera's counsel.

- We also discussed anticipated depositions of Mohit Singh and Tony Webb in January, after Mr. Juneau's deposition.

Regards,

DAVID W. LEIMBACH, MEMBER
FREDERIC DORWART, LAWYERS PLLC
Tel (918) 583-9930 • Cell (918) 808-3961

---

**From:** Leimbach, David
**Sent:** Monday, November 25, 2024 11:42 AM
**To:** 'Ethan Gibson' <ethan@gibson-pc.com>
**Cc:** Jost Lunstroth <jlunstroth@gibson-pc.com>; Hessam Parzivand <hp@parzfirm.com>; Demetri Economou <DEconomou@krcl.com>; Thomas Ciarlone <TCiarlone@krcl.com>; Sandman, Patrick <PSandman@fdlaw.com>
**Subject:** RE: The Juneau Group LLC v. Vendera Management Holdings, LLC, et al, Case No. 4:24-cv-02856 (S.D. Tex.) - Discovery

Ethan,

Yes, I can do December 4th between 2:30pm and 5pm.  I'll circulate a calendar invite for 2:30pm that date. Let me know if you prefer a different time. Thanks.

Have a Happy Thanksgiving.

Regards,

DAVID W. LEIMBACH, MEMBER
FREDERIC DORWART, LAWYERS PLLC
Tel (918) 583-9930 • Cell (918) 808-3961

---

**From:** Ethan Gibson <ethan@gibson-pc.com>
**Sent:** Monday, November 25, 2024 11:39 AM
**To:** Leimbach, David <DLeimbach@fdlaw.com>
**Cc:** Jost Lunstroth <jlunstroth@gibson-pc.com>; Hessam Parzivand <hp@parzfirm.com>; Demetri Economou <DEconomou@krcl.com>; Thomas Ciarlone <TCiarlone@krcl.com>; Sandman, Patrick <PSandman@fdlaw.com>
**Subject:** Re: The Juneau Group LLC v. Vendera Management Holdings, LLC, et al, Case No. 4:24-cv-02856 (S.D. Tex.) - Discovery

David,

I'm out all this week for Thanksgiving — do you have any availability on Wednesday December 4?

Ethan

Sent from my iPhone


On Nov 25, 2024, at 9:04 AM, Leimbach, David <DLeimbach@fdlaw.com> wrote:


Ethan,

We believe Plaintiff's answers to BOKF's Interrogatory Nos. 8, 13, and 14 are materially deficient. Accordingly, we request a telephonic meet and confer to discuss. Could you provide times when you have availability for a call?

Regards,

DAVID W. LEIMBACH, MEMBER

# FDLAW®

FREDERIC DORWART, LAWYERS PLLC
124 East Fourth Street
Tulsa, Oklahoma 74103
Tel (918) 583-9930 • Cell (918) 808-3961
dleimbach@fdlaw.com • www.fdlaw.com